UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD TITUS,

**COMPLAINT**

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT,
JOHN DOES A&B, being fictitious and
Intended to represent those police officers
and Employees of the New York City Police
Department involved in the deprivation of
Plaintiff's rights.

Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This civil rights action is brought in response to the violent acts of police abuse against the plaintiff Richard Titus ("Titus"). Plaintiff seeks to recover money damages because defendants' conduct violated his rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York. Plaintiff was lawfully driving his vehicle, when officers who, without provocation, or probable cause, stopped Plaintiff, restrained him, wherein Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on Plaintiff, unlawfully confined him, and caused his unjustifiable arrest and prosecution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred up1m this Court pursuant to 28 U.S.C.§§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3. The Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derive from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C § 1391(a), (b) and (c), and the events occurred in the Eastern District of New York.

## PARTIES

5. Plaintiff Richard Titus ("Titus") is a resident of Gaithersburg, MD.

6. Upon information and belief New York City Police Officers John Doe A and John Doe B, ("John Does A & B") were assigned to the 70th precinct in Kings County, NY. John Does A & B are being sued in their individual and official capacity.

8. John Does A & B, is and were at all relevant times officers, employees, and agents of the New York City Police Department ("NYPD"). On the date of the foregoing events and were assigned to the 70th precinct. John Does A & B are being sued in their individual and official capacity.

9. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

10. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

11. On June 8, 2024, Plaintiff was lawfully operating his motor vehicle.

12. At approximately 8:15 p.m. defendants began harassing and arrested plaintiff without probable cause.

13. The defendant officers arrested the Plaintiff without probable cause or justification.

14. The defendant officers, without provocation, or justification, handcuffed Plaintiff in a manner causing him physical injury.

15. Defendants failed to intervene and assist the Plaintiff.

16. Plaintiff was arrested by the defendant officers.

17. Criminal complaints were caused to be filed against the Plaintiff by the defendants.

18. The criminal complaints were based upon false statements.

19. Plaintiff was imprisoned until later that evening when he was released from the 70th precinct.

20. On or about the 9th day of June, the criminal prosecution was terminated favorably regarding the Plaintiff, and he was released from the 70th precinct.

21. The assault and battery upon Plaintiff by the defendants was in excess of their rightful authority as NYPD officers. This assault and battery was made without proper cause.

22. Defendants' conduct caused Plaintiff to sustain physical pain and suffering and trauma. The defendants' actions constituted outrageous and reckless conduct and demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

23. A notice of claim was duly served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice, and adjustment and/or payment has been neglected and/or refused.

## FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

24. Titus, realleges each and every allegation contained in paragraph 1 through 23 of the complaint.

25. Defendants, who were acting in concert and within the scope of their authority, arrested and caused Titus to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

26. Titus suffered injury as a result of defendants' conduct.

## SECOND CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment Right

27. Titus, realleges each and every allegation contained in paragraphs 1 through 26 of the complaint.

28. The use of excessive force by defendants, acting in concert, in handcuffing, restraining, and committing an assault and battery upon Titus was an objectively unreasonable physical seizure of Titus in violation of his rights under the Fourth Amendment to the Constitution of the United States.

29. Titus suffered injury as a result of defendants' conduct.

## THIRD CLAIM FOR RELIEF

### Assault

30. Titus realleges each and every allegation contained in paragraphs 1 through 29 of the complaint.

31. Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing act, which threatened such contact to Titus and that such act(s) caused reasonable apprehension of such contact to Titus.

32. Defendants were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for their conduct.

33. Titus suffered injury as a result of defendants' conduct.

34. Pursuant to 28 U.S.C § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF

#### Battery

35. Titus realleges each and every allegation contained in paragraphs 1 through 34 of the complaint.

36. The defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or affirmative manner assaulted Titus without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such assault and battery.

37. Defendants were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

38. Titus suffered injury as a result of defendants' conduct.

39. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH ClAIM FOR RELIEF

#### False Arrest and False Imprisonment

40. Titus realleges each and every allegation contained in paragraphs 1 through 39 of the complaint.

41. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendant intended to confine Titus, and, in fact, confined Titus, and Titus was conscious of the confinement. Moreover, Titus did not consent to the confinement, and the confinement was not otherwise privileged.

42. Defendants were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

43. Titus suffered injury as a result of defendants' conduct.

44. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### SIXTH CLAIM FOR RELIEF
#### Malicious Prosecution

45. Titus realleges each and every allegation contained in paragraphs 1 through 44 of the complaint.

46. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Titus. Defendants acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably as to Plaintiff.

47. Defendants were at all relevant times agents, servants and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

48. Titus suffered injury as a result of defendants' conduct.

49. Pursuant to 28 U.S.C. § 1367, this Court has supplemental or pendant jurisdiction to hear and adjudicate such claims. Pursuant to the Fourth Amendment of the

United States Constitution, this Court has jurisdiction to hear the federally based claim.

## SEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision

50. Titus realleges each and every allegation contained in paragraphs 1 through 49 of the complaint.

51. Defendants, The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on June 8, 2024, at the aforementioned location.

52. Titus suffered injury as a result of the conduct of defendant The City of New York.

## EIGHTH CLAIM FOR RELIEF

### Failure to Intervene

53. Titus realleges each and every allegation contained in paragraphs 1 through 52 of the complaint.

54. The defendants had a duty to control the conduct of the co-defendants who by their improper conduct caused harm to Plaintiff.

55. The defendants had the ability to prevent co-defendants from causing harm to the Plaintiff.

56. However, the defendants failed to control the actions of the co-defendants and failed to prevent the co-defendants from causing harm to the Plaintiff.

## NINTH CLAIM FOR RELIEF

### Denial of Fair Trial

57. Titus realleges each and every allegation contained in paragraphs 1 through 56 of the complaint.

58. The defendants had a duty to cause the Plaintiff to be charged by truthful criminal complaints.

59. The defendants caused the Plaintiff to be charged with false allegations and fabricated charges in the criminal complaints.

60. The defendants fabricated evidence against the Plaintiff.

61. The defendants' false allegations and fabricated evidence against the Plaintiff denied the Plaintiff the right to a fair trial.

62. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

63  Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

B. That the Plaintiff recover the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

C. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Brooklyn, New York
September 8, 2025

**Levi Huebner & Associates, PC**

By: \_\_\_\_\_/ s / Levi Huebner_____
Levi Huebner

464 Malbone Street, Suite 100
Brooklyn, NY 11225
(212) 354-5555

*Attorneys for Plaintiff*